IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**IVES T. ARTIS,**        )
                          )
       Plaintiff,  )
                          )
       v.          )    2:13cv1226
                          )    **Electronic Filing**
**BYUNGHAK JIN** Medical Director )
(individual capacity) and **CORIZON** )
**HEALTH** Formerly Prison Healthcare )
Services (official capacity),        )
                          )
       Defendants. )

## **MEMORANDUM ORDER**

AND NOW, this 14th day of August, 2015, upon *de novo* review of the record and after consideration of [81] plaintiff Ives T. Artis' objections to [76] the magistrate judge's report and recommendation of May 21, 2015, which recommends that defendants' motions to dismiss be granted, IT IS ORDERED that [64] the medical defendants' and [68] Corizon Health's motions to dismiss be, and the same hereby are, granted. The magistrate judge's report and recommendation as augmented herein is adopted as the opinion of the court.

Plaintiff's objections are without merit. First, that surgery on plaintiff's ankle ultimately became the preferred and chosen course of treatment does not give rise to the numerous inferences that plaintiff extrapolates from this fact. Logic does not support the proposition that the necessity of surgery later supports that it was the only prudent course of medical treatment earlier. To the contrary, plaintiff's medical records objectively suggest that the more conservative courses of treatment were well within the bounds of the exercise of sound medical judgment. And plaintiff's railings to the contrary do not supply a set of facts that plausibly state a claim for deliberate indifference or the intentional infliction of pain in order to cause needless suffering.

Second, as aptly noted by the magistrate judge, the mere disagreement with the chosen course of treatment and even a showing of malpractice in selecting the course of treatment does not begin to meet the heavy burden of establishing the requisite state of mind. The fact that hindsight suggests that one out of a number of acceptable courses of medical treatment may not have been the most effective does not supply facts to support deliberate indifference. What it does supply is a fair indication that the medical providers were attentive to plaintiff's repeated complaints and sought to provide him with treatment that was aimed at healing his injury. Unfounded assertions and contentions seeking to color the course of events as inattentive and vindictive does not set forth a plausible claim of deliberate indifference to a serious medical need that is plausible on its face.

Finally, bald assertions that Corizon had a "policy" of saving money and alluding to a track record based on assertions and innuendo in other lawsuits does not set forth facts that give rise to a plausible showing of entitlement to relief. In this regard it is plaintiff's obligation to advance a factual basis that meets the standard before proceeding to discovery. On this score plaintiff has failed to provide any facts to raise the specter of such a policy being at play. Consequently, the contention that such a policy caused a violation of plaintiff's constitutional rights is conjecture.

The Clerk of Court is directed to mark the case closed.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order a notice of appeal, as provided in Fed. R. App. P. 3, must be filed with the Clerk of Court, United States District Court,

at 700 Grant Street, Room 3110, Pittsburgh, PA 15219, within thirty (30) days.

                                              s/David Stewart Cercone
                                              David Stewart Cercone
                                              U.S. District Court Judge

cc:      Honorable Maureen P. Kelly
         Chief United States Magistrate Judge

         Ives T. Artis
         HF-0596
         SCI Greene
         175 Progress Drive
         Waynesburg, PA 15370

         (*Via First Class Mail*)

         J. Eric Barchiesi, Esquire

         (*Via CM/ECF Electronic Mail*)